IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,666 & AP-76,667






EX PARTE DEON RUSH, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,022 & 16,024 IN THE 506TH DISTRICT COURT


FROM GRIMES COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of a habitation and sentenced to eighteen years' imprisonment on each count. The
Fourteenth Court of Appeals dismissed his appeals. Rush v. State, Nos. 14-09-00434-CR & 14-09-00453-CR (Tex. App.-Houston [14th Dist.] July 9, 2009, no pet.). 

 Applicant contends, among other things, that he was denied his right to appeal. We remanded
these applications to the trial court for findings of fact and conclusions of law. The trial court has
determined that Applicant was denied his right to appeal and recommended that we grant Applicant
out-of-time appeals. We find that Applicant is entitled to the opportunity to file out-of-time appeals
of the judgments of conviction in cause numbers 16,022 and 16,024 from the 506th District Court
of Grimes County. Applicant is ordered returned to that time at which he may give written notices
of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days
of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If he is
indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent him on direct appeal. All time limits shall be calculated as if the sentences had
been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial
court within 30 days after the mandate of this Court issues.

 Applicant's remaining claim is dismissed. Ex parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).

Delivered: October 19, 2011

Do Not Publish